Dear Mr. Jeane:
In response to your inquiry of recent date, please first note that the chief of police in a Lawrason Act municipality does not have the unilateral authority to retain counsel to represent his office. In a Lawrason Act municipality, such as Pineville, the mayor and board of aldermen make the decision concerning the retention of counsel for the municipality. The applicable law provides in LSA-R.S. 33:386 (C):
 C. The mayor, subject to confirmation by the board of aldermen, may appoint and fix compensation for any attorney at law for the municipality, whose duties in such capacity may include representation of all municipal officers as defined by R.S. 33:381 (A) in actions against them in connection with and arising out of their functions as such officers, and other duties as prescribed by the mayor. The municipality may also employ counsel to represent its interest should the occasion require.
The Chief of Police is an officer listed in LSA-R.S. 33:381 (A), providing:
 A. The officers of every municipality shall be a mayor, aldermen, a chief of police, a tax collector, a clerk, and a street commissioner.
Counsel outside that which is appointed by the municipality may be employed only in compliance with LSA-R.S. 33:1813:
 A municipality may employ, fix the compensation for, and pay additional counsel in cases of extreme necessity.
The foregoing statutes are cited to contrast the different legal position you occupy with respect to this issue. As you are not the Chief of Police (we are informed that Mr. Jim Barber holds this position) you are not governed by the aforementioned statutes. There exists a possibility that you could in fact retain counsel and pay for same out of funds allocated your office under the authority of LSA-R.S. 13:1899 (C), providing:
 C. In all criminal matters, the city judge shall assess, in addition to the foregoing costs, the sum of ten dollars as additional costs of court, the proceeds from which shall be deposited in a special account, separate and distinct from the account provided for in Subsection B of this Section, which account shall be in the name of and under the control of the marshal or constable of the court, shall be subject to audit, and shall be used to defray operational expenses of the office of marshal or constable of the court, all as may be useful and necessary for proper conduct of the marshal's or constable's office, for maintenance and improvement of jail facilities, or for the purchase of law enforcement equipment, and all as may be approved by the marshal or constable.
A city marshal would arguably be able to retain an attorney if said attorney served the purpose of "defraying operational expenses of the marshal's office . . . as may be useful and necessary for the proper conduct of the marshal's office." The marshal approves those items of expense necessary for the efficient operation of the office and it is incumbent upon him to make a decision as to whether the expenditure is necessary for the proper conduct of his office.
We hope the foregoing information sufficiently addresses your concerns. Should you have any further questions concerning this matter, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams